UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYAN CHRISTIAN,

                Plaintiff,

-against-

MAYOR ERIC ADAMS,

                Defendant.

1:22-CV-1780 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Bryan Christian, who is appearing *pro se*, filed this action under 42 U.S.C. § 1983 seeking damages and injunctive relief. He sues the Mayor of the City of New York, Eric Adams, in Mayor Adams's official and individual capacities.

    By order dated May 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to leave to replead his claims.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges the following: in March 2020, Plaintiff was attempting to get heat and hot water restored to his apartment, and have other repairs done within his apartment. In addition, he was attempting to apply or reapply for cash benefits from the New York City Human Resources Administration ("HRA"). In an effort to get the City of New York to assist him in having the repairs to his apartment done, Plaintiff twice called the City's 311 city-services telephone number to file complaints. The 311 operator told Plaintiff that three days after his complaints were filed, a New York City agency would notify him as to whether his complaints were resolved or whether the agency would take further action. Five days after Plaintiff had filed

his complaints via 311, he received a text message notifying him that the matter had been closed; neither heat nor hot water had been restored to his apartment, and none of the other matters had been resolved.

With respect to the system by which someone can apply or seek recertification for HRA cash benefits, Plaintiff's application for recertification "has not been appropriately processed." (ECF 1, at 8.) As a result, Plaintiff has been denied HRA cash benefits for at least two years.

Mayor Adams "knew or reasonably should [have] know[n] that the current automated telephone systems, and website by City agencies[,] are outdated, defective, and block true access to services." (*Id.* at 9.)

Plaintiff asks this Court "to order the Defendant to instruct the appropriate City agencies to repair Plaintiff's apartment and to allow the cash benefit[s] Plaintiff rightfully should have received." (*Id.* at 10.) In addition, Plaintiff seeks $5,000,000 in damages.

## DISCUSSION

A.   **Official-capacity claims**

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against Mayor Adams in his official capacity. "There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Thus, the proper defendant for such claims is the City of New York. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *cf. Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.").

3

Accordingly, the Court dismisses Plaintiff's official-capacity claims under Section 1983 against Mayor Adams for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court construes those claims as brought against the City of New York.

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff alleges no facts showing that a policy, custom, or practice of the City of New York has caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**B.     Individual-capacity claims**

The Court must also dismiss Plaintiff's claims under Section 1983 against Mayor Adams in his individual capacity. To state an individual-capacity claim under that statute, a plaintiff must allege facts showing the individual defendant's direct and personal involvement in the

alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). An individual may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that Mayor Adams has been personally involved in any of the alleged violations of Plaintiff's federal constitutional rights. The Court therefore dismisses Plaintiff's individual-capacity claims under Section 1983 against Mayor Adams for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

Even if Plaintiff had asserted facts showing that Mayor Adams has been personally involved with either the City of New York's alleged failure to enforce any of its laws regarding the maintenance of heat or hot water in Plaintiff's privately-owned apartment, or with the City's alleged failure to provide HRA cash payments to Plaintiff, those allegations would still have failed to state a claim.

With respect to Plaintiff's claims regarding his apartment, the Constitution, including the Due Process Clause of the Fourteenth Amendment, does not require government officials to enforce laws or protect individuals from the bad acts of private actors. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc.*

*Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994).

With respect to Plaintiff's claims regarding being denied HRA cash payments, such public-assistance benefits "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir. 2005) (citing *Goldberg v. Kelly*, 397 U.S. 254, 262 & n.8 (1970)). To the extent that Plaintiff asserts that he has been denied procedural due process with regard to the denial of HRA public-assistance benefits, his allegations do not, however, state a claim because he does not allege that he has attempted to utilize any state procedures to challenge the denial of those benefits, such as a fair hearing pursuant to N.Y. Soc. Serv. Law § 22, or a state-court proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules, nor does he allege that those remedies are unavailable to him or inadequate. *See Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) ("[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983. Moreover, an unauthorized property deprivation under color of state law does not give rise to a § 1983 constitutional claim where the state provides a post-deprivation remedy adequate to meet the due process requirements of the Constitution.") (citations omitted); *see also Sterling v. Human Res. Admin. (Social Servs.)*, No. 21-CV-10192, 2022 WL 329266, at *4 (S.D.N.Y. Feb. 2, 2022) ("Federal courts have found [the abovementioned] remedies to be constitutionally adequate procedures to challenge adverse determinations in connection with government entitlement programs.") (citing cases); *Harris v. Yonkers Dep't of Soc. Servs./OTDA/OAH*, No. 19-CV-4626, 2019 WL 2287715, at *3 (S.D.N.Y. May 28, 2019) (same).

**C.     Leave to replead is granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "'should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983 against the City of New York or a valid claim of a procedural due process violation under Section 1983 against a City or state official, the Court grants Plaintiff 30 days' leave to amend his complaint to detail those claims.

**CONCLUSION**

The Court dismisses this action for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), but the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for failure to state a claim on which relief may be granted. *See id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 22, 2022
             New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge